UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID HARRIS,

     Plaintiff,

v.                                      Case No:   6:17-cv-622-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff David Harris appeals to this Court from Defendant, the Commissioner of Social Security's final decision to deny his application for disability insurance benefits. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the hearing transcript, the exhibits, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **reversed** and the case be **remanded**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background[1]

Plaintiff was forty years old when the ALJ issued his decision (Tr. 144). Plaintiff graduated high school and has prior work experience as a heavy equipment operator, delivery driver, construction worker, auto detailer, and line cook (Tr. 25-26, 174). On September 5, 2013, he applied for benefits, alleging a disability onset date of January 17, 2013 (Tr. 67, 142-147). At the administrative hearing, Plaintiff requested a closed period of disability from January 17, 2013 to January 20, 2015 (Tr. 21, 48). His claim was denied initially and on reconsideration (Tr. 82-85, 87-92). The ALJ held a hearing on January 20,

_____

[1] The information in this section comes from the parties' joint memorandum filed on December 7, 2017 (Doc. 15).

2016, and issued an unfavorable decision on February 11, 2016 (Tr. 18-56, 93-94). Plaintiff asked the Appeals Council to review the ALJ's decision and on February 15, 2017, it denied the request for review (Tr. 1-7). This resulted in the ALJ's decision becoming the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted his administrative remedies and his case is ripe for review.

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process which appears in 20 C.F.R. § 416.920(a)(4). The ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity during his closed period of disability (Tr. 23). At step two, the ALJ found Plaintiff severely impaired by a spinal disorder (Id.). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526) (Tr. 23-24). Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity to "perform light work as defined in 20 CFR 404.1567(b) except he could not climb ladders, ropes, or scaffolds; could not work around unprotected heights; could not work around moving, dangerous machinery;

and could not drive a motor vehicle." (Tr. 24-25). At step four, the ALJ found Plaintiff unable to perform past relevant work (Tr. 25-26). But, the ALJ ultimately concluded at step five that there were jobs in the national economy–like toll collector, cashier II, and information clerk–that Plaintiff could perform and therefore, he was not disabled (Tr. 26-27).

### Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff contends that the ALJ committed reversible error by failing to apply the proper legal standards to Plaintiff's case at step three of the sequential evaluation process (Doc. 15 at 9-13). Specifically, Plaintiff argues that the ALJ failed to consider and analyze whether Plaintiff's spinal impairments met 1.04A of the Listing of Impairments (Doc. 15 at 12).

At step three of the sequential evaluation process the ALJ must determine whether a claimant's impairments meet a Listing. See 20 C.F.R. §§ 404.1520. "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 404.1525(a)-(d)). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Id. (citing 20 C.F.R. § 404.1526(a).

The claimant bears the burden of proving that his impairment meets or is medically equivalent to a listed impairment. Wilkinson ex rel. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987); Hood v. Astrue, Civil No. SKG-08-2240, 2009 WL 4944838, at *5 (D. Md. Dec. 14, 2009). "When there is 'ample evidence in the record to support a determination' that the claimant's impairment meets or equals one of the listed impairments, the ALJ must identify 'the relevant listed impairments' and compare 'each of the listed criteria to the evidence of [the claimant's] symptoms.'" Hood, 2009 WL 4944838, at *5 (quoting Cook v. Heckler, 783 F. 2d 1168, 1172-73 (4th Cir. 1986)).

To meet Listing 1.04A, Plaintiff had to demonstrate that he had a spine disorder that resulted in the compromise of a nerve root or his spinal cord with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle

weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A.

In performing the step three analysis the ALJ wrote:

> Neither the claimant nor his attorney has suggested or alleged an impairment that met or medically equaled the specific criteria for any listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. No acceptable treating, examining, or non-examining medical source has stated that a listing was met or medically equaled by the claimant's impairment.

(Tr. 23-24). The ALJ's statement that neither the Plaintiff or his attorney suggested that Plaintiff's impairment equaled a specific listing is not true. Early in the hearing, Plaintiff's attorney clarified the dates of Plaintiff's alleged closed period of disability and told the ALJ Plaintiff was "close to meeting the listing" on his claim (Tr. 48-49). Then, in his closing argument, Plaintiff's attorney contended:

> Dr. Kim [sic], back in May 2013, indicated in his assessment, 1F4, "large right, L3-4 herniated [INAUDIBLE], synchrostrated [phonetic] disc fragment, posterior to L4 vertebral body. This appears to be causing L4-5 radiculopathy with motor deficit in both nerve distributions." **And this is my argument, that he meets the listing on this, and he wears a boot now ... My position is that for the two years he was out, he met the listing based on the foot drop and the doctor's prior statement."**

(Tr. 55) (emphasis added). The ALJ said he would "certainly consider that" (Tr. 56). Then, instead of following through on his assurance to counsel the ALJ authored a written decision in which he states that counsel never suggested or argued an impairment that met a listing (Tr. 23-24). In so doing, the ALJ never fulfilled his obligation to determine whether Plaintiff's impairments met a listing.

The Commissioner argues that Plaintiff failed to meet his burden of proving that his impairment met or equaled Listing 1.04 (Doc. 15 at 14). Contrary to the Commissioner's argument, there is evidence on which the ALJ could have found that Plaintiff met his

burden of showing that his impairment equaled Listing 1.04A. Or, alternatively, the ALJ may have been under a duty to make further inquiry.

"To meet listing 1.04A, Plaintiff must establish (1) evidence of nerve root compression characterized by neuroanatomic distribution of pain, (2) limitation of motion of the spine, (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and (4) positive straight-leg raising test (sitting and supine)." Robinson v. Barnhart, No. Civ.A.SA:04-CA-576XR, 2005 WL 2148931, at *5 (W.D. Tex. Aug. 29, 2005).

The record evidence establishes proof that Plaintiff had a spine disorder resulting in nerve root compression. On April 19, 2013, Dr. Kuhn examined Plaintiff and concluded that he had "significant compression of the right L4 and L5 nerve root" (Tr. 241). Dr. Kuhn also concluded that Plaintiff had a "[r]ight lumbar herniated nucleus pulposus ... [l]umbar stenosis ... and [r]ight L4-5 radiculopathy"[2] (Id.). The ALJ afforded Dr. Kuhn's "significant weight" (Tr. 25).

Next, it was consistently noted during Plaintiff's examinations on February 6, 2013, February 14, 2013, April 1, 2013, April 29, 2013, September 6, 2013, September 20, 2013, October 21, 2013, and November 18, 2013, that he suffered from a limited range of motion in all directions of the lumbar spine (Tr. 245, 248, 252, 255, 260, 263, 268, 271).

Third, at the hearing, Plaintiff testified that he suffered from "drop foot" and that his right leg was numb, which prompted the doctor to proscribe a boot (Tr. 40). This condition is well documented throughout the record (Tr. 40, 46, 49, 55, 235, 237, 239) and is evidence of Plaintiff's motor loss. Olechna v. Astrue, No. 08-cv-398, 2010 WL 786256, at

---

[2] Radiculopathy is a condition where the nerve roots of the spine become pinched or damaged. https://www.hopkinsmedicine.org/healthlibrary/conditions/nervous_system_disorders/acute_radiculopathies_134,11

*6 (N.D.N.Y. Mar. 3, 2010) ("Dr. Levy documented Plaintiff's motor loss noting 'a definite foot drop on the left with weakness of dorsiflexion and extensor hallucis longus'").

Lastly, the record contains evidence of positive straight-[right] leg raise tests, although the evidence does not specify whether the tests were performed in the sitting or supine positions (Tr. 245, 248, 252, 255, 260, 263, 268, 271).

The Commissioner argues that Plaintiff cannot meet his burden because he cannot show that he had positive straight leg tests in both the seated and supine positions (Doc. 15 at 15). It was the ALJ's duty to weigh all the evidence and make a decision on this issue of fact. The ALJ failed to discharge this duty. And, if the evidence was not sufficient for the ALJ to make a determination, then the ALJ should have contacted Plaintiff's physicians for additional information. Johnson v. Barnhart, 138 Fed. Appx. 266, 270 (11th Cir. 2005) (per curiam) (unpublished) ("If, after weighing the evidence, the Commissioner cannot reach a determination, then she will seek additional information or recontact the physicians.").

The ALJ's failure to consider whether Plaintiff's conditions met Listing 1.04A, especially in the face of supporting evidence, is prejudicial error. "Conditions contained in the 'listing of impairments' are considered so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform her past relevant work or any other jobs." Richardson v. Apfel, 44 F. Supp. 2d 1264, 1265 (M.D. Fla. Aug. 3, 1998) (citing Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997)).

For these reasons, I find that the ALJ's decision is not supported by substantial evidence and I respectfully recommend that it be **reversed**.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4. Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 18, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record